The judgment is reversed, and final judgment rendered for the appellant.

*Judgment reversed and final judgment for appellant.*

WASHBURN, P. J., and STEVENS, J., concur.

THE UNITED STATES COAL CO., APPELLANT, *v.* UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, APPELLEE.

(Decided December 23, 1940.)

*Messrs. Taplin & Taplin, Mr. R. E. Scott* and *Mr. H. E. Faught,* for appellant.

*Mr. Wm. B. Bartels, Mr. William Durkin* and *Mr. John Cinque, Jr.,* for appellee.

MONTGOMERY, J. The United States Coal Company is a member of the Ohio Coal Association. District No. 6, United Mine Workers of America, a voluntary

labor organization, is a unit of the International Union United Mine Workers of America. The Appalachian Joint Conference is composed of representatives of coal associations and miners, in which conference the Ohio Coal Association and District No. 6, United Mine Workers of America, participate. The Appalachian Joint Conference has, for a period of years, negotiated contracts for the mining industry, covering among others the operation of the Ohio Coal Association and District No. 6, United Mine Workers of America, both of which organizations have recognized the binding force and validity of the contracts made in this conference, have held themselves obligated thereto, and have operated accordingly.

The then-existing contract between the operators and miners expired by its terms on March 31, 1939. During the month of March 1939, in accordance with the then-existing agreement, representatives of the contending parties met in conference in New York, but were unable to agree upon a new contract and did not agree upon any such contract until about May 12, 1939. Work in the mines involved ceased on the night of March 31, 1939.

The employees of The United States Coal Company filed with the Unemployment Compensation Bureau of Ohio applications for unemployment benefits for the period from April 1, 1939, to May 12, 1939. The administrator of this board disallowed the claim on the ground that the existing conditions in Ohio coal mines during that period constituted a strike and that all claimants for unemployment compensation were ineligible by virtue of the provisions of Section 1345-6(c), General Code (117 Ohio Laws, 296).

The claimants then appealed to the board of review of this bureau, which board reversed the administrator and allowed the benefit claims on the ground that the

unemployment was due simply to the cessation of mine operations pending negotiations.

The United States Coal Company then filed its appeal to the Court of Common Pleas of Cuyahoga county, and the Common Pleas Court affirmed the decision of the board of review. From that judgment of affirmance the coal company appealed to this court on a question of law.

The Board of Review of the Unemployment Compensation Bureau and the Court of Common Pleas each rendered an elaborate and comprehensive opinion. With the conclusions of each we are in accord. We would not deem it necessary to render an opinion, except for the fact that we think it important that we state clearly our notion as to whether a strike existed during that time, and the reason for our view.

Section 1345-6(c), General Code, provides in part that:

"No benefits shall be payable to any individual who has lost his employment or has left his employment by reason of a strike in the establishment in which he was employed, as long as such strike continues."

If these claimants were engaged in a strike they are not entitled to benefits, otherwise they are entitled to them.

We find this definition of "strike" in Baldwin's Century Edition of Bouvier's Law Dictionary, to wit:

"A combined effort by workmen, to obtain higher wages or other concessions from their employer by stopping work at a preconcerted time."

The facts in the instant case do not bring the acts of these employees within this definition, which definition we regard as excellent. Here, there was no combined effort to stop work at a preconcerted time. There was simply a conference attempting to work out an agreement between the interested parties.

The only contract existing between them had ended.

No duty rested upon either the operators or the miners. The operators were under no obligation to keep the mines open. The miners were under no obligation to work. There was no contractual obligation.

As we view it, it is not necessary to fix the blame for the delay in the negotiations. It is sufficient to say that they were delayed and that no contract existed. While it may have been assumed on both sides that contracts would be made, this could not be taken as a matter of course. In the absence of any contractual obligation, and in the absence of any duty on either side, and with knowledge on the part of both the operators and miners that their relationship would be decided by the results of this Appalachian Joint Conference, it seems to us to follow that there was no strike during that period of time on the part of these miners.

It follows that the judgment of the Common Pleas Court will be affirmed.

*Judgment affirmed.*

SHERICK, P. J., and LEMERT, J., concur.

SHERICK, P. J., MONTGOMERY and LEMERT, JJ., of the Fifth Appellate District, sitting by designation in the Eight Appellate District.