ZURA *v.* STANDARD SLAG CORP.

[Cite as Zura v. Standard Slag Corp., 13 Ohio Misc. 317.]

(No. 15907—Decided November 10, 1965.)

Common Pleas Court of Ottawa County.

*Messrs. Clayman & Sigall,* for appellant.
*Messrs. Harrington, Huxley & Smith,* for appellees.

STAHL, J.   This matter is before the court by virtue of an appeal from the Board of Review of the Bureau of Unemployment Compensation.  This board found that the appellants were not entitled to participate in the Unemploy-

ment Compensation Fund for the reason that they were idle because of a labor dispute, not a lockout.

The board found, in substance, that there was no strike but that the company closed their plant after the expiration of the contract of employment because a strike appeared imminent and to leave the plant open would cause an undue financial loss and even create a dangerous situation. The board found from these facts there was a labor dispute which wasn't a lockout.

The preliminary to this matter in this court was heard on April 2, 1965. Thereafter, briefs were filed. On the 16th day of July, 1965, the court requested the attorneys to file additional information, namely, the statute laws with annotations thereunder of the other forty-nine states. To date, the same have not been filed by any of the attorneys. The court, therefore, has been forced to make its independent research.

The court finds the law to read in forty-three states that employees are not entitled to participate in the unemployment compensation fund if they are idle because of a labor dispute. In six of the states, including Ohio, it provides that they are not entitled to participate in the unemployment compensation fund if they are idle because of a labor dispute, except lockout. I believe in one state it says "strike" rather than "lockout." In the state of Arkansas, which formerly read like Ohio's, "labor dispute" other than "lockout." This entire portion of the statute has been repealed.

Ohio's law reads as follows: May not receive compensation if the employee "lost his employment or has left his employment by reason of a labor dispute other than a lockout * * *." Formerly, the law read that no benefits shall be payable to any individual who has lost his employment or has left his employment by reason of a strike in the establishment in which he was employed "as long as such strike continues."

On December 23, 1940, in the case of *United States Coal Company* v. *Unemployment Compensation Board of Review,* 66 Ohio App. 329, it was held under the former law

that if upon expiration of the contract the employees did not show up for work they were entitled to receive unemployment compensation as there was no strike. Thereafter, the Legislature in Ohio Laws, Vol. 119, 1941, changed the law to read as it now is.

Therefore, the question is, was there or was there not a lockout in this case?

In the briefs of the parties cases from many states were cited. A few were cited from Ohio, notably *Transit, Inc., v. Bailey,* 168 Ohio St. 351. This was one of the cases, as were all of the cases cited, where the doors were not locked but where certain actions were taken by the employers which caused the employees to leave their employment. In this case, at page 354, the Supreme Court says: "A lockout has been defined as a cessation of the furnishing of work to employees *or* a withholding of work from them in an effort to get for the employer more desirable terms." (Emphasis ours.) It might be well to look at the meaning of the word "or."

As the court points out, it could find no cases in the briefs or anywhere else outside of Ohio where the company locked the door, such as this one, to save themselves financial loss.

It would seem to the court that what the Legislature intended was if your contract runs out you must continue to work or you will receive no unemployment compensation. To the employer it says you must continue to furnish the work or the employees would be entitled to unemployment compensation.

The court does not intend to say that the union did not have the right to strike nor that the company did not have the perfect right to lock their doors. The only thing that the court is deciding is what effect this would have on the unemployment compensation.

Although the court was unable to find any reported cases he did find the following case: *Adkins et al., v. State Board of Review, Bureau of Unemployment Compensation, St. Regis Paper Co.,* Common Pleas Court of Lucas County, No. 193425, Court of Appeals, No. 5755. In this case

the Board of Review refused to allow unemployment compensation to the employees of the St. Regis Paper Company who had routed their work to other branches of the St. Regis Paper Company and had no work for their employees and in *effect* locked their doors. The employees applied for unemployment compensation and the Review Board said this was not a lockout but a labor dispute and, therefore, you are not entitled to unemployment compensation for the company did this to protect their financial interest. Upon appeal to the Court of Common Pleas of Lucas County, the court, without opinion, reversed the board. Upon appeal to the Court of Appeals the Court of Appeals sustained the verdict of the Common Pleas Court. Thereupon, the Attorney General appealed the case to the state Supreme Court and thereafter, without hearing, the same was dismissed by he, the present Attorney General. The court can only assume that the present assistant attorney general handling this case was unaware of this decision.

I might add that this is the only case that this judge could find where the factual situation is the same, namely, the closing of the plant to avoid financial loss.

, The court, therefore, finds that the decision of the Board of Review of the Bureau of Unemployment Compensation is unlawful, unreasonable, and against the manifest weight of the evidence and the decision of the Board of Review is hereby reversed and vacated. The decision of the Board of Review is contrary to law in at least this Court of Appeals District.

The attorney for the claimant shall prepare a journal entry and submit the same to the attorneys for the company and to Mr. Tony Kidd, assistant attorney general.

Exceptions saved.

*Decision reversed.*